## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | | |
|---|---|---|
| **MARY WILLS,** | ) | **CASE NO.:** 2:23-cv-00699 |
| *Plaintiff,* | ) | **JUDGE:** |
| v. | ) | |
| **TANESHA BROWN.** | ) | |
| *Defendant.* | ) | |

### DEFENDANT BROWN'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tanesha Brown ("Defendant") hereby removes this civil action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia at Charleston. In support of this Notice of Removal, Defendant states that this Court has diversity jurisdiction over this action and pleads as follows:

1. On or about September 1, 2022, Plaintiff commenced this action by filing a Complaint against Defendant in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 22-C-734, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon Defendant on September 12, 2022. A Certified Copy of the Kanawha County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Kanawha County Circuit Court's file is attached as **Exhibit C**.

2. Plaintiff, Mary Wills, alleges that on or about October 2, 2020, she was injured in a motor vehicle accident while traveling south on West Virginia Route 6, on the east entrance ramp for the bridge to Montgomery, West Virginia. (**Ex. A** ¶¶ 6-7). Plaintiff alleges that as a direct result

of this collision, she has "suffered injuries to her body" including medical expenses, lost wages, pain and suffering, physical limitations, diminished capacity to enjoy life, annoyance and inconvenience, and other consequences and damages. (*Id.* ¶ 12).

## TIMELINESS OF REMOVAL AND THE AMOUNT IN CONTROVERSY

3. Generally, a case must be removed within thirty days of receipt of the pleading or service of summons. *See* 28 U.S.C. § 1446(b). If the case is not removable based on the initial pleading, however, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.*

4. With regard to cases removed pursuant to 28 U.S.C. § 1332, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [the jurisdictional amount], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). *See Six v. Sweeney*, 2013 WL 1910379, at *1 (S.D. W.Va. 2013).

5. "As a general rule, when a complaint fails to allege the requisite amount in controversy upon which to base removal, it is appropriate to engage in discovery to determine the amount of damages being sought. The defendant may rely on information obtained in discovery to remove an action within thirty days of receipt of such information." *See Wood v. Main Trucking, Inc.*, 937 F.Supp. 614 (E.D. Ky. 1995) citing *Ellis v. Logan Co.*, 543 F.Supp. 586, 589 (W.D.Ky.1982) ("removal petition was timely filed by the defendant within 30 days of receipt of answers to interrogatories" pursuant to § 1446(b)); *Miller v. Stauffer Chem. Co.*, 527 F.Supp. 775,

778 (D.Kan.1981) (plaintiffs' answers to defendant's interrogatories established, for the first time since complaint was filed, that damages being sought were sufficient for removal); *Fleming v. Colonial Stores, Inc.,* 279 F.Supp. 933, 934 (N.D.Fla.1968) (answers to interrogatories created basis for removal, where complaint had not been specific as to amount).

6. Here, Plaintiff's Complaint did not seek a specific amount of damages. See generally, **Ex. A**.

7. However, on October 17, 2023, Plaintiff's counsel denied that Plaintiff's "alleged damages in this civil action do not exceed $75,000." See Pl.'s Suppl. Resp. to Def.'s First Set of Reqs. for Admis. to Pl., a true and correct copy is attached as **Exhibit D**.

8. As such, Defendant's 30 days began to run on October 17, 2023 and the instant Notice of Removal is timely.

## VENUE

9. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Southern District of West Virginia is the United States District Court embracing Kanawha County, where the state court action was pending in the Circuit Court of Kanawha County.

## DIVERSITY OF CITIZENSHIP

10. This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant.

11. Upon information and belief, Plaintiff Mary Wills is a citizen of West Virginia. (**Ex. A** at ¶ 1).

12. Defendant Tanesha Brown is a citizen of Chicago, Cook County, Illinois. (Ex. A at ¶ 2).

13. Accordingly, there is complete diversity in this civil action, as required by statute

under 28 U.S.C. § 1332(a).

## OTHER MATTERS

14. The Clerk of the Circuit Court of Kanawha County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

15. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Kanawha County, West Virginia.

16. Defendant is serving all other parties with written notice of the removal of this action.

17. This case is being removed subject to and without waiver of any challenges that Defendant may have as to any claims or defenses that may be available to it.

WHEREFORE, Defendant hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.

**TANESHA BROWN**
**By Counsel**

*/s/ Colton C. Parsons*
Colton C. Parsons (W.Va. Bar No. 13243)
Justin K. Chandler (W.Va. Bar No. 13537)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
colton.parsons@steptoe-johnson.com
justin.chandler@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| MARY WILLS, | ) CASE NO.: |
| *Plaintiff,* | ) JUDGE: |
| v. | ) |
| TANESHA BROWN. | ) |
| *Defendant.* | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing ***"Defendant Brown's Notice of Removal"*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have mailed complete copies of this filing to counsel of record via First Class US Mail:

Stephen B. Farmer, Esq.
Robert A. Campbell, Esq.
Jennifer D. Roush, Esq.
FARMER, CLINE & CAMPBELL, PLLC
Post Office Box 3842
Charleston, WV 25338
*Counsel for Plaintiff*

/s/Colton C. Parsons
Colton C. Parsons (WVSB # 13243)
Justin K. Chandler (WVSB # 13537)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
colton.parsons@steptoe-johnson.com
justin.chandler@steptoe-johnson.com